UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLBY PLUMBER,

    Plaintiff,

v.

SARA SPENCER-NOGGLE,
SANDRA J. STRAUS,

    Defendants.
_____/

Case No. 2:20-cv-11133

Paul D. Borman
United States District Judge

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Colby Plumber is a Michigan prisoner currently residing in the Isabella County Jail, Mt. Pleasant, Michigan. On April 7, 2020, Plumber filed a *pro se* civil rights complaint which was docketed in this Court on May 11, 2020. (ECF No. 1.) On May 18, 2020, Magistrate Judge R. Steven Whalen issued an order of deficiency, which required Plaintiff to provide a "Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint." (ECF No. 3.)

Alternatively, the order permitted Plaintiff to pay the full four hundred dollars ($350 filing fee and $50 administrative fee) in full. (*Id.*) He was given thirty days to comply with the order. (*Id.*) The order warned Plaintiff that if he failed to pay the fee

or failed to file the required documents, the Court would presume that he is not proceeding without prepayment of the fee, assess the entire fee, and order the case dismissed for want of prosecution. (*Id.*)

To date, Plaintiff has neither paid the filing fee in full nor supplied this Court with the requested information. For the reasons stated below, the complaint is dismissed without prejudice.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). The *in forma pauperis* statute provides prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). The affidavit must include "a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,]" and must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

"If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him

2

thirty days to correct it or pay the full fee." *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id*. The moment a prisoner files his complaint, he becomes responsible for the filing fee and waives any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore*, 114 F.3d at 605.

Plaintiff failed to file an application to proceed *in forma pauperis*, a trust fund account statement, or a certification of his trust account. Accordingly, his application to proceed *in forma pauperis* remains deficient. 28 U.S.C. § 1915(a)(2). Nor has he paid the filing fee. The Court dismisses the complaint without prejudice for want of prosecution, because of Plaintiff's failure to comply with the deficiency order. *See Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004); *Davis*, 73 F. App'x at 805.

Therefore, IT IS ORDERED THAT Plaintiff's complaint be dismissed for failure to comply with the filing requirements of the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(1), (b)(1), (b)(2).

IT IS SO ORDERED.


Dated: July 7, 2020            s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge